# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No.09-820V
### Filed: October 21, 2014
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * *

JOHN LIBBY and KARLA STONE    *

*as parents and natural guardians*    *

*of a minor S.L.,*    *      Interim Attorneys' Fees & Costs;

         *      Expert Fees

     Petitioners,    *

         *

     v.    *

         *

SECRETARY OF HEALTH    *

AND HUMAN SERVICES,    *

         Respondent.    *

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Esq,.* Conway, Homer & Chin-Caplan, P.C., Boston, MA for petitioners.
*Traci Patton, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

**Gowen**, Special Master:

     In this case under the National Vaccine Injury Compensation Program [hereinafter "the Program"],[2] petitioners filed a motion for an award of interim attorney fees and costs on July 25, 2014 [Motion for Int. Fees]. *See Avera v. Sec'y, HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). On August 6, 2014, respondent filed her Response to petitioners' Motion for Interim Fees, in which she did not object to the $30,290.00 in interim attorneys' fees requested by petitioners' former counsel, Alexander Laufer and other costs, which included: (1) $422.19 in interim unreimbursed attorneys' costs incurred by Eisenhower & Laufer, P.C., (2) $1,266.92 for interim costs incurred by petitioners (excluding the $2,000.00 retainer paid to Dr. Kinsbourne), and (3) $1,375.00

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

for interim costs billed by Dr. Barnes. Respondent's Response to Motion for Int. Fees [Response], filed Aug. 6, 2014. Respondent did object to the amount requested for Dr. Kinsbourne's fees, requesting both a reduction in Dr. Kinsbourne's hourly rate and a reduction in the hours billed. Response at 6. Specifically, respondent requested that $8,750.00 be awarded for Dr. Kinsbourne's work in this case, including the $2,000.00 retainer fee petitioners already paid, rather than the $21,665.00 requested in petitioners' Motion for Interim Fees. Response at 7; see also Motion for Int. Fees, Tab C.

A status conference was held in the above-captioned matter on September 18, 2014. During the status conference it was agreed that respondent would speak with Alexander Laufer, petitioners' former counsel and attempt to resolve the issue of Dr. Kinsbourne's fees. As a result of those discussions respondent filed a status report on October 1, 2010, indicating that petitioners agreed to reduce their request for costs associated with Dr. Kinsbourne's services to $16,000.00 and respondent does not object to this amended amount. Respondent's Status Report, filed Oct. 1, 2014.

I find that petitioner is entitled to an award of interim attorney fees and costs under the facts and circumstances of this case. A review of the materials offered in support of the application for interim attorney fees and costs indicates that the amounts to which respondent does not object in her Response to petitioner's Motion for Interim Fees and the amount agreed to for Dr. Kinsbourne's fees, (Respondent's Status Report, filed Oct. 1, 2014), are reasonable.

**Accordingly, I hereby award a total of $49,314.11 in interim fees and costs as follows:**

- **A lump sum of $30,712.19 issued in the form of a check payable jointly to petitioners, John Libby and Karla Stone, *as parents and natural guardians of the minor, S.L.*, and petitioner's former attorney, Alexander Laufer, for interim attorneys' fees and costs.**

- **A lump sum of $18,601.92 in the form of a check payable to petitioners, John Libby and Karla Stone, *as parents and natural guardians of the minor, S.L.,* for their personal litigation costs.**

The clerk of court shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

> **s/Thomas L. Gowen**
> **Thomas L. Gowen**
> Special Master

---

[3] Entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).